**In re LENDERS MORTGAGE SERVICES, INC., Debtor.**

**Leslie A. DAVIS, Trustee, Plaintiff,**

**v.**

**Joseph A. IADEVITO, et al., Defendants.**

Bankruptcy No. 94–41527–293.

Adversary No. 96–4320–293.

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Sept. 26, 1997.

Paul N. Rechenberg, Davis, Davis, Kasnetz & Greenberg, L.C., St. Louis, MO, for Trustee.

Robert S. Adler, Clayton, MO, for Kim Fine.

---

***MEMORANDUM OPINION***

DAVID P. McDONALD, Bankruptcy Judge.

***JURISDICTION***

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(E) which the Court may hear and determine.

***BACKGROUND***

1. The creditors of Lenders Mortgage Services, Inc. (Lenders), filed an involuntary petition of bankruptcy against Lenders on March 18, 1994.

2. Leslie A. Davis was appointed trustee of Lenders' bankruptcy estate.

3. On September 27, 1997, the Trustee filed this adversary complaint on behalf of the estate against defendants Joseph Iadevito and Theresa Janson seeking the turnover of at least $772,955.11. The Trustee's com-

plaint was comprised of four counts; the first sought turnover under section 542 of the Bankruptcy Code, the second sought a money judgment, the third was based on a theory of money had and received, and the fourth alleged a breach of contract.

4. Defendant Joseph Iadevito, who was and remains incarcerated, filed a pro se answer to the complaint on November 7, 1996. Iadevito denied that he owed money to the Debtor, denied that he possessed any assets belonging to the Debtor's estate and, by way of defense, asserted that approximately a month and one half before the filing of the involuntary petition he had caused $377,-000.00 of his own funds to be placed into one of the Debtor's accounts.

5. Janson has not filed an answer to the Trustee's complaint.

6. The Trustee served Iadevito with his First Set of Interrogatories and his First Request for Production of Documents on November 22, 1996.

7. For reasons undisclosed by the record the Trustee served Iadevito a second copy of his First Request for Production of Documents on November 25, 1996.

8. On January 8, 1997, the Court received Iadevito's first Motion to Extend Discovery Period. Iadevito mentioned his limited access to the prison's law library, his limited access to the prison's copiers, and his limited access to the prison's telephones as reasons for needing additional time to complete discovery. Iadevito also noted that depending upon the answers the Trustee provided to the first set of interrogatories he had directed to the Trustee and the responses he received to other mail inquiries he had made, he might need to issue further interrogatories.

9. The Trustee served Iadevito with his Second Set of Interrogatories and his First Requests for Admissions on January 30, 1996.

10. The Court granted Defendant Iadevito's Motion and extended the discovery deadline to May 13, 1997. The Court subsequently granted Iadevito's second Motion to Extend Discovery Period and extended that period to September 3, 1997.

11. The Trustee filed a Motion for Partial Summary Judgment supported with an affidavit. The Trustee seeks summary judgment against Theresa Janson because she has not filed an answer in this matter despite being properly served with a summons and copy of the adversary complaint. The Trustee argues he is entitled to summary judgment against Joseph Iadevito because the pertinent facts were deemed admitted when Iadevito failed either to request an extension of the time to answer the requests or to file answers to the requests for admissions within thirty (30) days after service.

12. Iadevito filed a response to the Trustee's Motion for Partial Summary Judgment. He explains that he cannot answer the Trustee's interrogatories of him until the Trustee answers the interrogatories he has served on the Trustee. In further response, Iadevito explains that the Trustee confused him by serving his requests for admissions and second set of interrogatories as "one discovery item" and argues, without citing legal support, that serving requests for admissions in such a form obviates the need to comply with Federal Rule of Civil Procedure 36's thirty-day time limit and requires only that the recipient of such requests comply with the general discovery deadline established for the case.

13. In the same filing as his response to the Trustee's Motion for Partial Summary Judgment, Iadevito included a Motion to Compel the Plaintiff/Trustee to respond to interrogatories Iadevito had sent to him.

14. The Trustee filed a response to Iadevito's combined responsive pleading and Motion to Compel. In the only portion of the Trustee's pleading that can be construed as addressing Iadevito's Motion to Compel, the Trustee stated that Iadevito's argument that he could not answer the Trustee's discovery until first receiving responses to his discovery from the Trustee was "illogical and unfounded."

15. On July 8, 1997, Kim Fine filed a Motion to Quash Defendant Joseph Iadevito's First Request for Testimony of a Non-Party by Deposition upon Written Questions. Fine

argued that there was "no legal authority for said written interrogatories."

16. Defendant filed a response to Fine's Motion to Quash in which he asserted that Fine was his executive assistant when he was Debtor's president. Iadevito further stated that as his executive assistant Fine had authority to: write checks and otherwise transfer the Debtor's funds; deposit money into his personal accounts; establish general ledger accounts on the Debtor's books and charge items to those accounts; and obligate the Debtor on promissory notes. Iadevito argued that because fine had such extensive knowledge of the Debtor's operations and because the Trustee had the opportunity to depose Fine, he should be permitted to question her.

17. On July 10, 1997, Iadevito filed a second response to the Trustee's Motion for Partial Summary Judgment together with Interim Responses to the Trustee's First Requests for Admissions and Second Set of Interrogatories Directed to Joseph Iadevito. In his response, Iadevito admits he pleaded guilty to felony bank fraud before the United States District Court for the Eastern District of Missouri and that he is now incarcerated at a prison camp in Marion, Illinois. Iadevito also admits Debtor advanced and/or loaned him $100,000.00 to use as a down payment on a home in Wentzville, Missouri. However, in response beyond the scope of the requested admission, Iadevito asserts that the $100,-000.00 was probably repaid but that he could not definitively state whether it was repaid without knowing the disposition of the funds paid by his wife in a suit the Trustee brought against her.

In response to the requests that he admit he received money from Debtor in 1993 and 1994 and failed to report the receipt of loans or advances from Debtor or to pay income taxes on any sums received, Iadevito responds that he does not, as a result of his incarceration, "currently possess the documentation necessary to be able to admit or deny the requested admission." Iadevito also maintains that because he lacks certain documents he cannot admit or deny whether he transferred $94,325.18 to Prudential Securities in 1993 and 1994. Defendant Iadevito refuses to admit or deny whether he assigned his claims, including claims for $315,-000.00 and $61,510.52 resulting from the refinancing of properties in St. Peters and Wentzville, Missouri, because he maintains that the terms "claim," "assigned," and "transferred" are vague. Defendant denies having failed to repay all monies Debtor loaned or advanced to him but admits that he repaid such amounts through refinancings of properties he owned and not with direct cash payments. Iadevito admits that from approximately January 1, 1991 through March 1, 1994 he owned 51 percent of Debtor.

Iadevito also responds that he does not possess the documents necessary to admit or deny whether in 1993 Debtor loaned him a minimum sum of $300,000.00 or whether any loans Debtor made to him during 1993 or 1994 were reclassified as income to him. Similarly, Iadevito responds that he did not possess the documents necessary to admit or deny whether as of December 31, 1992 Debtor had advanced or loaned to him a sum in excess of $200,000.00.

## DISCUSSION

As recited above, there are four unresolved motions before the Court, namely:

1. Trustee's Motion for Partial Summary Judgment against Theresa Janson;

2. Trustee's Motion for Partial Summary Judgment against Joseph Iadevito;

3. Joseph Iadevito's Motion to Compel Discovery; and

4. Fine's Motion to Quash Defendant Joseph Iadevito's First Request for testimony of a Non–Party by Deposition upon Written Questions.

The Court will consider these issues in series. First, the Trustee's Motion for Partial Summary Judgment against Theresa Janson will be granted. Ms. Janson has not answered the complaint and is, therefore, in default.

Second, the Trustee's Motion for Partial Summary Judgment against Joseph Iadevito will be denied. The Trustee had argued that he was entitled to summary judgment because Iadevito had not filed answers to his Request for Admissions. Sub-

sequent to the Trustee's Motion for Partial Summary Judgment, Iadevito filed his Interim Response to Plaintiff's First Set of Interrogatories. The Court will allow Iadevito's untimely-filed answers. *See Warren v. International Bhd. of Teamsters, Chauffeurs Warehousemen and Helpers of America*, 544 F.2d 334, 339 (8th Cir.1976) (no abuse of discretion to allow late-filed answers to request for admissions where requested admissions were identical to allegations in complaint and party answer had denied complaint's allegations in its answer). Without deeming admitted the matters addressed in the request for admissions, it is apparent that material issues of fact remain to be determined, most notably, whether Iadevito repaid money Lenders advanced or loaned to him.[1]

■ Third, Iadevito's Motion to Compel Discovery will be granted. Iadevito refers to a request for production of documents and to interrogatories with which he alleges the Trustee has not complied. The Trustee has an obligation to abide by the rules of discovery and should respond to Defendant's interrogatories and request for production, either by answering and producing or by raising objections before this Court.

■ Fourth, the Court will grant Fine's Motion to Quash. Federal Rule of Civil Procedure 31, made applicable to adversary cases in bankruptcy by Federal Rule of Bankruptcy Procedure 7031, provides the procedure a party must comply with when taking a person's deposition upon written questions. For example, the rule requires a party seeking to take a deposition upon written questions to serve those questions upon every other party. *See* F.R.Civ.P. 31(a)(3). Iadevito has not complied with this and other requirements of Rule 31.

---

**1.** The Court notes that Iadevito claimed not to have the proper records which would permit him to answer many of the Trustee's requests for admissions but he did specifically deny that he had not repaid money Debtor advanced or loaned to him.